and then the plaintiffs, then there was a motion to arbitrate, a petition to arbitrate and the plaintiffs said, forget it, we'll arbitrate. Isn't that what happened? Right, and plaintiffs said... So we're dismissing our lawsuit, there is no lawsuit, so there's nothing to send to arbitration, period. And if they don't arbitrate, fine, they don't arbitrate. Right, no, it's beyond that. Rule 41A2 is very specific, it's two-pronged and it's mandatory. The second prong of Rule 41A2 says specifically, if a counterclaim has been pleaded by a defendant prior to the service upon defendant of the plaintiff's motion to dismiss, the action shall not be dismissed. What was the counterclaim? What? What was the counterclaim? Well, this is an interesting thing. We had filed a motion, a petition to compel arbitration. In 1925, when the Federal Arbitration Act was enacted, a petition was an action in equity to compel specific performance of a contract. I would submit to this Court if a petition or a complaint, if you will, a counterclaim by a defendant to compel specific arbitration of a, to compel arbitration through specific performance of a complaint... That's a very strange counterclaim. You're simply seeking an alternative form for the same cause of action. You're not raising a different cause of action. Yes, you are. You are saying we want the Court not to order relief as a Federal Court, but to order the plaintiff to specifically perform the contract he has signed to arbitrate. Now, in 1925, a petition was an action in equity. And it's quite interesting that there has been no harmonization since 1925 of the word petition in Section 4 of the FAA and Rule 42A2. There have been two amendments to Rule 41A2. I'm sorry, to the Section 4 of the Arbitration Act, which included the Federal Rules of Civil Procedure, but the word petition has not been changed. Now, it's quite interesting because if a defendant, Judge Bason, were to have filed a counterclaim here, there would be no doubt, I would assume, that 41A2 comes into effect, and the Court shall not dismiss the action at the insistence of the plaintiff without ordering the arbitration, without deciding that... How could the Court order somebody to arbitrate who has just dismissed their lawsuit and maybe they'll continue it out in arbitration? Maybe they won't. What if they don't want to arbitrate? What if they decide to drop the whole thing? Well, 41A2 is very specific. It says if the counterclaim is pending, and it's form over substance if what we're saying here is simply there is no counterclaim because it's called a petition because you... No, that's not what I'm saying. I'm saying that here you have a situation in which there may not be a dispute at all. How can you send somebody off to arbitrate something that may not even exist? Well, there is a dispute over whether there was a petition to arbitrate. He claimed there were forgeries. We claimed that these were valid. And whether there was an arbitration agreement? Yes. I'm sorry, yes. With an arbitration agreement in all seven of the documents. He filed in federal court saying I am failing to comply with these documents and they're all out because I believe they're forgeries. He changed his mind and said I'm willing to go to arbitration. What more is there? He changed his mind and said I'm going to go to... Any reasonable district court judge could do in that instance. After arbitration, you go. Well, didn't order arbitration, and he hasn't gone to arbitration. And if he doesn't, then you'll win, and you'll never have the dispute. Not true. Why didn't his wife file an arbitration? She did, and it was dismissed with prejudice. And he hasn't filed one. And my client... Maybe you're home free. No, he's a registered representative. He's had to report this. It's on his record. He doesn't get to clear his record. It's mandatory. Section 4 of the Federal Arbitration Act... That's right. If somebody arbitrated disputes that they're willing to just forget about. Well, once I've made that motion, under Rule 41A2, the specific language is it has to be determined whether there was an arbitration agreement and there has to be an order issued to arbitrate. 41A2 says that? Yes. I'm sorry? 41A2 says it. Yes, it says right here. If a counterclaim has been pleaded... 41A2? Yes. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Once he's chosen to go into a federal court and make the claim, and I file my counterclaim... He's not withdrawn the claim, so how could he be ordered to arbitrate it? He's withdrawn it. He doesn't have a federal lawsuit pending anymore. So what are you ordering him to arbitrate? He's got the plaintiff's action pending, but we have a counterclaim. And the question is, does the Court have discretion under the language of 41A2 to say, look, we're going to dismiss your counterclaim, too? What's your counterclaim ordering him to arbitrate? Something that doesn't exist anymore, a lawsuit that's gone. No. Our lawsuit isn't gone. The counterclaim isn't gone. All you want to do is get into arbitration. We have a counterclaim, Your Honor. You have a request to get into arbitration. Do you want to compel him to participate in arbitration? It's a counterclaim. Are we in – are we disagreeing that a petition or a motion or a counterclaim in equity to compel specific performance of a contract is a lawsuit? Let me put it another way. If you had filed a declaratory judgment action, let's say, saying – as a counterclaim – saying our counterclaim is that he is, you know, that we're not liable, right, then maybe you would have a counterclaim, and maybe you could press forward with the arbitration, and you could instigate the arbitration. But you're not purporting to do that. So you might have a counterclaim saying that this is the dispute that we want to bring in federal court and we want to arbitrate it. But you're not – or that's not the thing we want to bring in federal court, that we don't – that we want to arbitrate and he's refusing to. But that isn't what happened here. Well, the assumption behind what Your Honor has just said is not correct, and that is that it is not a viable action in equity to sue – to petition, as it was in 1925, for somebody to specifically perform an agreement. The plaintiff here signed an agreement agreeing to arbitrate. No, no, he's not refusing to. If he's not refusing to do it, he's not refusing to do it. Yes, he did. He refused to do it by filing in federal court. And then he withdrew it. What? And then he withdrew his action in federal court. He withdrew his action in federal court. But we, at that time, had pending our action, our counterclaim, our petition. We complied with the Federal Arbitration Act, which says you file a petition under Section 4. Under Section 6, it says you file a motion. They are the equivalent of a counterclaim. Now, if what the Court is saying that that is not a viable action, then we lose this case. But how would your counterclaim remain pending under Rule 41A2? Well, it says right here that the counterclaim, the action – Unless the counterclaim can remain pending. Yes, unless it can remain pending. What the Court can say is, okay, Mr. Capon, you want to dismiss your substantive action, fine. We won't adjudicate the substantive action. But there's a counterclaim pending, which is an action in equity to specifically perform – for you to specifically perform your agreement to arbitrate any dispute you have with these defendants. And we're going to adjudicate that. But what is the result of that? Are you going to order him to file an arbitration even though he may not file an arbitration? You're going to order him that if he has any dispute with these people, he has to do it through arbitration. Now he can go back into Federal court under a Rule 41, dismissal voluntarily. He can go back into Federal court, file another petition. He can go into arbitration and say, well, I never – never filed – never signed these agreements. I really don't have to arbitrate here. He can do anything he wants. Well, that he may not be able to do. But that's a different issue. Because the – if, in fact, the arbitration is not committed – the arbitrability is not committed to the arbitrator clearly under the contract, then he may not be able to do that. And I would think he can't do that. But that's a different issue as to what he can do if he eventually instigates an arbitration. At that point, if he tries to do that, you may be able to go back to Federal court and stop him from doing that. But that hasn't happened. What is your dispute with this man that you want in arbitration? What we would like to have – No, what is your dispute? What is your dispute? The dispute we have is that this man claimed that my client, a registered representative who had to report this to the NASD, forged his name on seven documents and that he has no obligations under those documents to arbitrate or to do anything or even to have dealt with the registered representative or the securities firms. We teed that up. The Federal magistrate judge gave discovery on that. We presented a summary judgment prima facie case. He submitted nothing because he couldn't. He said, okay, I'm out of here. I may or may not arbitrate for a year. He hasn't arbitrated. And so he dismisses his complaint. And now what's the dispute? Now the dispute is he's in the NASD not claiming these documents but reserving the right to claim that they were forgeries and we're going to have to do it all over. Well, you can't get up. And make the decision that the Federal District Court, although it was mandated to do it as a counterclaim and mandated under Section 4 of the FAA, did not do. Well, do you think you can get arbitration just because you have a fantasy that somebody's going to complain about you? I can file an action if somebody refuses to arbitrate in Federal court. Oh, yeah, but you have to have a dispute, don't you? Right. Where's the dispute? Right. He's made a complaint. He's made a complaint. I just withdrawn it. Well, he's withdrawn it in the Federal court. He hasn't withdrawn it before the NASD. So right now it's in the sky. Well, he hasn't filed this complaint before the NASD. He's got another one from 1997 that he's filed before the NASD. Again, what you're saying is you don't like it that he's saying bad things about you. No. Or you're fine. It's more than that, Your Honor. Somebody can walk down the street and say bad things about me, but if they file it in a Federal court and make allegations of forgery and we file a counterclaim to have that adjudicated and we have to report that to the NASD, that's a little more than just saying bad things. It goes way beyond that. And it also goes beyond that when we have filed a counterclaim, effectively a counterclaim asking for adjudication that he sign the documents and that if he submits this dispute anywhere, it's got to be an arbitration. Could you file an arbitration to adjudicate this if you wanted to? I believe we could. I think we could file a petition. Go ahead. Do it. You just request an arbitration? I think I could file a petition, Your Honor, with the Federal District Court and go right back in there, but I think that's a waste of time. Why do you need to do that? Why can't you just go to the arbitrator? Just file a petition, file an arbitration? Because one of the issues that is going to come up in the arbitration has already been teed up and fully briefed and fully. . . No, you submit all that material to the arbitrator. Okay, we'll submit the same material to the arbitrator. But it was all submitted to the District Court judge and the District Court judge either thought it wasn't a counterclaim, either thought the word shall is not mandatory in Rule 41A2 or the word shall in Section 4 of the FAA is not mandatory, and just said, I don't care what the word shall means. I'm going to dismiss the action and the counterclaim. I'm not going to rule whether there were arbitration agreements, whether there were forgeries. He says he's going to arbitration with these claims, and we'll just take his word for it. Thank you. May it please the Court. My name is Michael Markman representing Daniel Capon. Before I begin and get to the heart of Mr. Capon's argument, there are two issues that I wanted to bring to the Court's attention. The first issue is that Mr. Capon has in fact commenced an arbitration of a certain subset of his claims with the NASD against Mr. Greenwell. Number two, I wanted to state for the record that Mr. Capon formally opposes the request for judicial notice relating to NASD documents that were filed by Mr. Greenwell earlier this year. This case is fundamentally about the ability of the District Court to manage the cases before it and its ability to exercise discretion in dismissing a case when presented with a situation exactly like the one identified by this Court, specifically that the plaintiff has decided to arbitrate their claims and has decided to forego a Federal forum. The only thing that bothers me is this. My understanding is that when you do that, you're not going to be able to take the arbitrability issue to the arbitrator, or if you are, it's not going to be a binding determination under first options. Do you agree with that? Respectfully, I disagree with that, Your Honor. And the reason is that arbitrability itself can properly be a question for the arbitrator. If it is, clearly on the record. And my understanding of first options is that even if you submit it to the arbitrator and even if they decide on it, if it turns out the defendant could still go to court on a de novo review of whether the issue was, in fact, properly submittable to the arbitrator under the contract. Is that right? The District Court would then be able to make that decision, yes, Your Honor. And they might possibly be able, if you submit it to the arbitrator, it's possible they could go to the court beforehand and say this shouldn't properly be before the arbitrator. It is possible that that set of circumstances could happen, but it's equally possible that the parties could agree, since they have agreed to arbitrate whatever disputes may exist between them, agree to arbitrate the issue of arbitrability. And that agreement itself could very well prove to be binding. But there's nothing about the current situation that commits the court or anyone else to any conclusion about that. Absolutely not. Mr. Greenwell appears to have treated the situation before the District Court, however, as an opportunity to get the District Court's imprimatur, and I think the opening brief fairly read, seeks this Court's imprimatur on the validity of the seven underlying arbitration agreements. And isn't it also true that the merits issue is this forgery issue is both the arbitrability issue and the merits issue? Absolutely. So you're going to get a determination on that. You don't really need a determination on the arbitrability because basically you're going to get that's what the merits are going to turn on. That's absolutely right. And I believe that the record reflects that what's alleged here isn't just fraud in the making of the arbitration agreements, the NASD agreements that form the basis of any arbitration. The issue of forgery and fraud goes much deeper, and it relates to documents involved in financial transactions. At least that's what's alleged in the complaint. Now, one of those transactions is now the subject of pending arbitration before the NASD. That arbitration that is now ongoing with the NASD does not purport to reflect all of the activities that form the basis of the complaint before the district court, but it does form part of a subset of those claims. And that is being arbitrated now. And the issue of fraud and forgery will be an issue in the NASD arbitration and was not an issue that needed to be addressed by the district court. Now, with respect to the issue that was raised earlier, with respect to whether or not there is a counterclaim here, there is simply put no record of any counterclaim ever being filed before the district court. Now, in the context of Rule 41A1 rather than 41A2, the law is actually settled that a motion to compel arbitration is not in the nature of an answer and it's not in the nature of a motion for summary judgment. Now, there is no law in the context of Rule 41A2 to the contrary. If for purposes of Rule 41A1 a motion to compel arbitration is simply a motion, as suggested by 9 U.S.C. Section 6, it should be treated as a motion, then there is no counterclaim. Simply put, what the district court had in front of it were two competing motions. One was a motion for voluntary dismissal under Rule 41A2 of the Federal Rules of Civil Procedure and the other was a motion to compel arbitration. The district court chose to reach the issue of the voluntary dismissal first, and that is a decision that made a lot of sense under the circumstances. The district court was faced with a plaintiff that had chosen to forego his right to continue to litigate the issue of validity in a federal forum. What Mr. Greenwell was asking the district court to do and is asking this court to do is to remand to the district court ostensibly for a full trial on the merits of the validity question. Now, there is no reason that the district court should have to go and sit through an entire jury trial on the issue of the validity of these particular seven agreements, only to then send the case to arbitration. To the extent that their law might be unsettled in this area, that manifestly should not be the law. As far as the Federal Arbitration Act Section 4 is concerned, there is nothing in that section that actually requires that Rule 41A2 discretion be thrown out the window. In fact, there are a number of different cases that strongly support the notion that if this court was to take any action, the proper action would have to be to remand the case and allow Mr. Cape and his day in court. The Letizia case versus Prudential-based security is one example of a situation where the Ninth Circuit was faced, this court was faced with a series of allegations set out in the complaint that were, in the words of the opposing counsel in that case, simply bullet point allegations. But even then, this court remanded for a trial on the issue of the question of validity. This case amounted to an end run around Mr. Cape and his ability to try the validity of his case. And that simply is not the result that was required by the interplay of Rule 41A2 or the Federal Section 4 of the Federal Arbitration Act, unless the Court has any further questions. Well, I don't know whether the answer to this question makes any difference, but I take it that you have proceeded voluntarily now to take your dispute to arbitration. Yes, Mr. Cape has done that. As to one piece of it? As to a small set of the transactions that form the basis for the complaint. The complaint was a much larger document that involved a whole series of patterns and practices of conduct. And I take it that he goes to arbitration or seeks to go there or invoked arbitration because he thinks he has a contract that calls for it. Actually, that is not entirely the case. He thinks he's there because somebody forged his name to a contract and that's the one he's invoking to get arbitration. Is that it? Well, Mr. Cape is in the arbitration because of very practical issues, the issue of arbitration. And if he was to proceed in the district court and have to deal with the validity of the agreements in the district court. But in that agreement, in that arbitration, and I understand the record's not before us, are you taking the position that it's not in fact arbitrable? Or you're just going to the merits? I personally do not represent Mr. Cape in before the ---- It seems to me a lot more sensible just to go to the merits because it's the same thing. But if you're going to start litigating arbitrability again, you're going to come back, the whole problem is going to come back again. It's entirely possible. And I don't want to prejudice Mr. Cape in his rights to do what his counsel in the arbitration believes is necessary. It's my sense that they do intend to proceed to the merits because forgery and fraud are at the merits of his dispute in that situation. So it's your understanding and it's our understanding, I guess, or you're telling us to understand that he is there in arbitration because he, his name was forged to a contract that gives him that right and he's going to assert that that was a forgery while he's there. Is that right? Well, I don't want to, again, prejudice what Mr. Cape and his arguments may be before the NASD. Okay. It's my understanding that he is before the NASD because he wishes to be heard on the merits of his argument. And that is why he is in fact there. He is there because to litigate in the Federal forum would be extremely expensive and because he wants his case to be heard. And unfortunately, in an effort to do that, he has had to decide not to oppose the motion to compel arbitration and has willingly moved forward in the arbitral forum rather than in the district court. All right. Thank you, Your Honor. Thank you. And we have no record evidence of that at this point because you're telling us that you don't take judicial notice of anything, but you're telling us something that's outside the record. But that's actually where we are. That is, in fact, outside the record, yes. And I'd be happy to confer with counsel for Mr. Greenwell if that was an issue. Thank you, counsel. That will be submitted. The next case on the calendar, I believe, is Riley v. W.M. Financial. Counsel, we just need to take a one-minute break for one second, for one minute. Don't let anybody leave the courtroom. We'll be right back.  Good morning, Your Honors. Mark Strombotny, appearing for the appellant, the Rileys. What we have before the Court on this case is the request by the Rileys to have their federal securities case tried to a jury, a right that is held inviolate by the Seventh Amendment and Rule 38, but which was denied to them by the district court based on findings of material facts that were in dispute. We believe that the core...
judges: Leavy, Paez, Berzon